UNITED STATES of America, Appellee,

v.

David KAPLAN, Appellant.

No. 601, Docket 77–1428.

United States Court of Appeals,
Second Circuit.

Argued Jan. 13, 1978.

Decided Feb. 3, 1978.

Carol B. Amon, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., for the Eastern District of New York, Mary McGowan Davis, Asst. U. S. Atty., of counsel), for appellee.

Elliot G. Sagor, New York City (Beldock Levine & Hoffman, Myron Beldock, New York City, of counsel), for appellant.

Before FEINBERG and OAKES, Circuit Judges, and WYATT, District Judge.*

PER CURIAM:

David Kaplan appeals from the sentence imposed upon him by Judge Mark A. Costantino of the United States District Court for the Eastern District of New York, after a plea of guilty to one count of conspiracy to import, to possess with intent to distribute, and to distribute marijuana and hashish in violation of the federal narcotics laws. Appellant was sentenced, pursuant to 18 U.S.C. § 4205(b)(2), to a prison term of three years, followed by a special parole term of five years. Appellant claims that the sentencing procedures followed by the district judge denied him due process, and that, in any event, he was entitled to a further hearing regarding certain information in the pre-sentence report.

On the due process issue, appellant's principal complaint is that the sentencing judge gave insufficient consideration to appellant's alleged rehabilitation since his arrest, as evidenced by his steady employment in a responsible job for six months before sentencing and his involvement in the Sivananda Yoga Center. Thus, appellant complains that the probation officer did not visit him at his job or at the Yoga Center and that the judge, at the sentencing, did not seek the oral report of a Pre-Trial Services Officer, as suggested by appellant. The judge, however, was made aware of appellant's improved conduct since his arrest. The real complaint obviously is that the judge did not give appellant's claimed rehabilitation the weight appellant feels it demanded, a matter not our province to determine. Appellant also contends that the judge denied him due process because of a "fixed and mechanical approach," see *United States v. Schwarz*, 500 F.2d 1350, 1352 (2d Cir. 1974), and because the judge relied on misinformation regarding defendant's criminal record. The former claim is not borne out by the record, and the latter exaggerates the import of what was essentially a matter of semantics.

* Of the United States District Court for the Southern District of New York, sitting by designation.

With regard to the need for a further hearing, appellant argues that the court improperly relied upon a pre-sentence report that grossly exaggerated his transactions in narcotics. It is true that we have indicated that in some circumstances we might "require further corroboration of the [pre-sentence] report even though the sentencing judge thought it unnecessary," see *United States v. Needles,* 472 F.2d 652, 658 (2d Cir. 1973). But we referred there to a case "where defendant denied everything and there was a chance that an entire incident had been manufactured or that serious charges in the pre-sentence report . . . were completely false . . . ." Id. This case comes nowhere close to that situation. Appellant was given every opportunity to present his version of the facts recounted in the presentence report and his only flat factual denial was accepted by the Judge. We do not suggest that the judge would have erred had he pressed the Government for further information, cf. *United States v. Fatico,* 441 F.Supp. 1285 (E.D.N.Y.1977), but he did not abuse his discretion by failing to do so.

The real claim on this appeal is that, in light of appellant's comparative youth when he committed the crime, his six-month imprisonment in a Mexican jail under allegedly deplorable conditions, his nearly fatal gun-shot wound inflicted by a confederate, and his changed attitudes, he should have been sentenced as a Young Adult Offender and been given probation. In view of appellant's extensive dealings for profit in controlled substances, and the circumstances of his arrest under an assumed name nine months after bench warrants had been issued, we do not know whether such treatment would have been appropriate. In any event, under the present state of the law, it is not our prerogative to make such judgments, and we refrain from doing so here.

Judgment affirmed.